■ JC MANUFACTURING, INC., Respondent, v NPI ELECTRIC, INC., Defendant and Third-Party Plaintiff-Appellant, and FREDERICK M. FRIEDMAN et al., Appellants. JACK A. MELTZER et al., Third-Party Defendants-Respondents.—In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff NPI Electric, Inc., and the defendants Frederick M. Friedman and Max Bernstein appeal, as limited by their brief, from so much of an order the Supreme Court, Kings County (Ramirez, J.), dated January 12, 1990, as (1) granted those branches of the motion of the plaintiff and the third-party defendants which were (a) to dismiss the first counterclaim and the first cause of action asserted in the third-party complaint, (b) to dismiss the third counterclaim, (c) to strike subparagraphs (a), (b), (e), (g), (h), (i)

and (j) of paragraph 128 of the third-party complaint, as scandalous and prejudicial, (d) to dismiss the second cause of action asserted in the third-party complaint insofar as it is asserted against Paul Appel, (e) to dismiss the second counterclaim and fourth cause of action in the third-party complaint, and (f) to strike the defendants' fourth, fifth, and sixteenth affirmative defenses, and (2) denied their cross motion to disqualify the third-party defendant Paul Appel as attorney for any other party in the action.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal from that portion of the order which struck matter as scandalous and prejudicial, the application is referred to Justice Kunzeman, and leave to appeal from the aforesaid portion of the order is granted by Justice Kunzeman (CPLR 5701 [b] [3]); and it is further,

Ordered that the order is affirmed insofar as appeal from, with costs.

We reject the appellants' contention that the court erred in dismissing the first counterclaim and third-party cause of action and the third counterclaim based on a prior action pending among the parties (see, CPLR 3211 [a] [4]). The pleadings in both actions show that both are based on the same contractual agreements and arise out of the same actionable wrongs. Additionally, there is substantial identity of the parties, and the nature of the relief sought is substantially the same. We see no good reason for two actions rather than one (see, Kent Dev. Co. v Liccione, 37 NY2d 899; Barringer v Zgoda, 91 AD2d 811; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:15, at 26).

We also reject the appellants' contention that the court improperly struck certain paragraphs from their pleading as scandalous and prejudicial (see, CPLR 3024 [b]). While the matter contained in those paragraphs may be admissible at trial, it is not necessary for the sufficiency of the appellants' pleading, and it would cause undue prejudice to the plaintiff. Accordingly, the court did not improvidently exercise its discretion in striking the paragraphs (see, Wegman v Dairylea Coop., 50 AD2d 108; Schachter v Massachusetts Protective Assn., 30 AD2d 540).

We further reject the appellants' claim that the court erred in dismissing the second counterclaim and fourth third-party cause of action sounding in fraudulent inducement. The appellants failed to plead that there was an undisclosed intention

not to perform the contract prior to or at the time of its making *(see, Sabo v Delman,* 3 NY2d 155; *Manufacturers & Traders Trust Co. v Cottrell,* 71 AD2d 538).

We have considered the appellants' remaining contentions and find them to be without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.