■ In the Matter of the Guardianship of JANET L., Respondent. GILLRAY L., Appellant; MENTAL HYGIENE LEGAL SERVICES, as Guardian ad Litem, Respondent. [606 NYS2d 431] — Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered April 24, 1992 in Albany County, which, inter alia, denied petitioner's application to find respondent in noncompliance with a prior order of the court, (2) from a decree of the Surrogate's Court of Albany County (Marinelli, S.), entered November 6, 1992, which, inter alia, granted respondent's motion to dismiss the petition, and (3) from an order of the Supreme Court (Keegan, J.), entered March 24, 1993 in Albany County, which denied petitioner's motion to vacate the prior orders.

This matter began in October 1989 when petitioner applied in Supreme Court to become the guardian of respondent, his allegedly mentally retarded adult daughter, pursuant to SCPA article 17. Respondent opposed the petition. The matter was resolved by stipulation of agreement which was incorporated into an order of the Supreme Court (Cheeseman, J.) entered

July 13, 1990 pursuant to which petitioner withdrew his petition for guardianship without prejudice to commencing a new one, but agreed not to do so as long as his daughter complied with the program agreed upon in the stipulated agreement.

In June 1991 petitioner commenced a second proceeding for guardianship in Albany Surrogate's Court which was also withdrawn after respondent filed an order to show cause in Supreme Court to hold petitioner in contempt for violation of the July 13, 1990 Supreme Court order. The contempt proceeding and the Surrogate's Court proceeding were withdrawn as part of a stipulated agreement between the parties pursuant to which the parties consented to submit petitioner's claims to Supreme Court under the original guardianship petition. Supreme Court declined to hear the October 1989 matter de novo, but agreed to consider whether there was compliance with the July 13, 1990 stipulation order.

Upon the demise of Justice Cheeseman, the matter was subsequently transferred to Justice Keegan who granted petitioner four weeks to submit papers supporting his allegations of noncompliance with the July 13, 1990 order. No papers were submitted by petitioner to support his allegations. On April 24, 1992 Supreme Court ordered that the stipulation settlement of July 13, 1990 continue in full effect. Petitioner's petition for a hearing was dismissed based on his default.

In the meanwhile, petitioner also filed a petition in March 1992 for guardianship in Surrogate's Court which was dismissed by decree entered November 6, 1992. On December 17, 1992 petitioner moved in Supreme Court for leave to renew, reargue or vacate the prior stipulation order dated April 24, 1992. The petition was dismissed on March 24, 1993 by order of Supreme Court for failure to support same with new evidence or legal arguments. These consolidated appeals ensued.

Petitioner's appeal of Supreme Court's April 24, 1992 order must be dismissed because a party may not appeal from an order entered upon default (see, CPLR 5511; *Tongue v Tongue,* 97 AD2d 638, *affd* 61 NY2d 809).

As to petitioner's second appeal, petitioner challenges the dismissal by Surrogate's Court of his guardianship petition. We find that the court appropriately dismissed the petition based on collateral estoppel (CPLR 3211 [a] [5]) and because another action was pending between the parties (CPLR 3211 [a] [4]). The relitigation of an issue is precluded if it is

identical to one decided in a prior proceeding and if the litigants had a full and fair opportunity to litigate the issue *(see, Gilberg v Barbieri,* 53 NY2d 285, 291-292). Under CPLR 3211 (a) (4), the court enjoys broad discretion to dismiss an action pending between the same parties, dealing with a like issue in another forum *(see, Whitney v Whitney,* 57 NY2d 731). Here, petitioner was subject to the stipulation which estopped him from bringing a new guardianship proceeding as long as respondent complied with the health program set out for her. In view of the fact that the guardianship matter was pending before Supreme Court, Surrogate's Court properly dismissed petitioner's application on the grounds stated.

In petitioner's third appeal, petitioner urges that Supreme Court improperly denied his motion relating to the order entered April 24, 1992. Although petitioner denominated the motion as one to renew and reargue, it is in effect a motion to vacate pursuant to CPLR 5015 (a). Supreme Court's denial thereof was proper. Settlement stipulations are strictly enforced and a party will be relieved from the consequences of an open-court stipulation based only on grounds of fraud, collusion, mistake or accident *(see, Hallock v State of New York,* 64 NY2d 224, 230-231). Petitioner has failed to show that any legitimate grounds exist to justify vacatur.

Finally, we conclude that Supreme Court properly denied petitioner's motion to vacate the April 24, 1992 order. The default here was willful and Supreme Court has the discretion to deny a motion to vacate an order entered on default where the default is willful *(see, Gorsky v Gorsky,* 148 AD2d 674, 675).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the appeal from order entered April 24, 1992 is dismissed, without costs. Ordered that the decree and the order entered March 24, 1993 are affirmed, without costs.