OPINION OF THE COURT
Douglas E. McKeon, J.
Motion in lieu of answering to dismiss plaintiff’s complaint for failure to file a notice of claim pursuant to McKinney’s Unconsolidated Laws of NY § 7401 (New York City Health and Hospitals Corporation Act § 20 [L 1969, ch 1016, § 1, as amended]) and General Municipal Law § 50-e is denied for the reasons set forth below.
Plaintiff commenced a civil rights action pursuant to 42 USC § 1983 on June 14, 1994 against defendants for confining him, under color of State law, against his will and in violation of Mental Hygiene Law § 9.39. The confinement took place between October 29, 1991 and November 2, 1991. Defendants, characterizing the action as one for psychiatric malpractice, moved for dismissal because plaintiff did not file a notice of claim within the 90 days required by statute, nor within the limitations period for bringing such an action against a public benefit corporation. Plaintiff responded with an affidavit in opposition which contained a request for sanctions for frivolous litigation practices in the amount of attorney’s fees expended in the defense of the summary judgment motion.
 Ordinarily, a timely notice of claim is a condition precedent to the commencement and maintenance of an action against a municipal or public benefit corporation. (McKinney’s Uncons Laws of NY § 7401; General Municipal Law § 50-i.) A court has discretion to extend the time within which a notice of claim may be served, provided such extension does not go beyond the time limited for the commencement of an action by the claimant. (General Municipal Law § 50-e [5]; Pierson v City of New York, 56 NY2d 950 [1982].) However, when the action is a Federal civil rights action pursuant to 42 USC § 1983, Federal and State courts have concurrent jurisdiction, and Federal law preempts State law to the extent that a State may not require a notice of claim as a prerequisite to recovery. (Felder v Casey, 487 US 131, 138 [1988]; Wanczowski v City of New York, 186 AD2d 397 [1st Dept 1992].) Furthermore, to achieve more uniform results in both Federal and State forums in section 1983 actions, which might otherwise be jeopardized by applying different limitations standards, all section 1983 actions are characterized as personal injury actions for limitations purposes. (Wilson v Garcia, 471 US 261 [1985].) In New York, with certain exceptions that are not relevant here, an *840 action for personal injury must be commenced within three years. (CPLR 214 [5].) If the defendant is a public health corporation, that time period is shortened to one year and 90 days. (McKinney’s Uncons Laws of NY § 7401.) However, the general, three-year period has been held to be the applicable limitations period in a section 1983 action. (423 S. Salina St. v City of Syracuse, 68 NY2d 474 [1986].)
Plaintiff filed this civil rights action after the one year and 90-day limitations period, but within the three-year Statute of Limitations. Since it is a Federal civil rights action pursuant to 42 USC § 1983, a notice of claim is not a condition precedent to commencement of an action. (Felder v Casey, supra; 423 S. Salina St. v City of Syracuse, supra.) Therefore, defendants’ motion for dismissal is denied.
Plaintiff’s request for sanctions and costs is denied. Relief is not ordinarily granted to a party who does not provide a separate notice of cross motion demanding relief. (CPLR 2215; Matter of Briger, 95 AD2d 887 [3d Dept 1983].)