■ In the Matter of RICHARD SCHALLER, Appellant, v DENNIS C. VACCO, as Attorney-General, et al., Respondents. [659 NYS2d 587] —Crew III, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 18, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition upon the ground that, *inter alia*, it was untimely.

By letter dated November 16, 1995 petitioner, a Principal Special Investigator for the Medicaid Fraud Control Unit of the State Department of Law, was notified that his employment would be terminated effective November 29, 1995. Petitioner subsequently requested that his termination date be extended until March 15, 1996, which would allow him to retire with 20 years of service, and his request in this regard was granted by letter dated November 27, 1995.

On or about April 26, 1996 petitioner, together with 10 former Department of Law employees, commenced a proceeding pursuant to CPLR article 78 (hereinafter proceeding No. 1) in Westchester County (later transferred to Albany County) alleging unlawful termination and seeking reinstatement and back pay. Thereafter, on or about July 11, 1996, petitioner commenced the instant CPLR article 78 proceeding challenging his termination, again seeking reinstatement and back pay. Supreme Court subsequently dismissed the petition, finding that the instant proceeding was time barred and, further, that the pendency of proceeding No. 1 was a bar to this proceeding under CPLR 3211 (a) (4). This appeal by petitioner ensued.

Initially, we agree with petitioner that the instant proceeding, having been commenced within four months of the effective date of his termination on March 15, 1996, is timely (*see,* CPLR 217; *Matter of De Milio v Borghard,* 55 NY2d 216, 220; *see also, Matter of Armstrong v Centerville Fire Co.,* 83 NY2d 937, 939). We also are of the view, however, that Supreme Court did not abuse its discretion in dismissing the petition at issue here based upon the pendency of proceeding No. 1. In this regard, we note that although the precise legal theories presented in proceeding No. 1 and this proceeding differ, the pleadings in each are based upon the same actionable wrong, i.e., petitioner's allegedly unlawful termination, and seek the same relief. Additionally, there is substantial identity of the parties in both proceedings (*see, JC Mfg. v NPI Elec.,* 178 AD2d 505, 506). We therefore conclude that, under the circumstances

present here, dismissal pursuant to CPLR 3211 (a) (4) was appropriate.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.