■ BERT LOPEZ, Appellant, v DETECTIVE JOHN SHAUGHNESSY et al., Respondents. [688 NYS2d 614] —In an action, *inter alia,* to recover damages for personal injuries and for civil rights violations, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered April 27, 1998, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is reversed, with costs, the motion is denied, and the complaint is reinstated.

On or about October 6, 1994, at about 4:45 P.M., the plaintiff, who was then an inmate at the Westchester County Jail, allegedly suffered personal injuries when he was attacked by other inmates. In October 1995 he commenced an action against the County of Westchester to recover damages for injuries he allegedly sustained in the attack. In his complaint, he asserted a cause of action to recover damages for the negligence of the

County, "its agents, servants, and/or employees" and a second cause of action to recover damages for Federal civil rights violations.

On October 6, 1997, the plaintiff commenced the instant action to recover damages for personal injuries arising out of the same alleged attack for which he had previously sued the County, again alleging two causes of action to recover damages for negligence and Federal civil rights violations. The defendants in the instant action are police officers in Westchester County or correction officers at the Westchester County Jail. The defendants moved to dismiss the complaint in the instant action pursuant to CPLR 3211 (a) (4) and on the ground that the action was time-barred pursuant to General Municipal Law § 50-i. The Supreme Court granted the motion and this appeal ensued. We reverse.

Pursuant to CPLR 3211 (a) (4), a party may move to dismiss one or more causes of action asserted against him on the ground that there is another action pending between the same parties for the same cause of action in a court of any State or the United States. "With respect to the subject of the actions, the relief sought must be 'the same or substantially the same'" (*White Light Prods. v On the Scene Prods.*, 231 AD2d 90, 94, quoting *Kent Dev. Co. v Liccione*, 37 NY2d 899, 901; *see, JC Mfg. v NPI Elec.*, 178 AD2d 505, 506).

The plaintiff's cause of action pursuant to 42 USC § 1983 in the instant action and his cause of action pursuant to 42 USC § 1983 in his action against the County are neither the same nor substantially the same. The County cannot be held liable pursuant to 42 USC § 1983 based solely upon the doctrine of respondeat superior or vicarious liability. To prevail on a cause of action to recover damages pursuant to 42 USC § 1983 against a municipality, the plaintiff must specifically plead and prove an official policy or custom that causes the claimant to be subjected to a denial of a constitutional right (*see, Jackson v Police Dept.*, 192 AD2d 641, 642, *cert denied* 511 US 1004; *see also, Liu v New York City Police Dept.*, 216 AD2d 67, 68). The plaintiff is not required to show this in his action against the individual defendants pursuant to 42 USC § 1983. That the County may ultimately be liable for any damages awarded to the plaintiff does not mean that the actions are the same.

Additionally, the court improperly found that the instant action is time-barred pursuant to General Municipal Law § 50-i. The plaintiff's second cause of action alleges Federal Civil Rights violations, which are not subject to the notice of claim requirements of General Municipal Law § 50-i (*see, Felder v*

*Casey,* 487 US 131; *Gorman v Sachem Cent. School Dist.,* 232 AD2d 452, 453; *Liu v New York City Police Dept., supra,* at 68; *Feuer v New York City Health & Hosps. Corp.,* 170 Misc 2d 838). For Statute of Limitations purposes, the plaintiff's cause of action pursuant to 42 USC § 1983 is characterized as a personal injury action (*see, Wilson v Garcia,* 471 US 261; *Feuer v New York City Health & Hosps. Corp., supra,* at 839). The Statute of Limitations for personal injury actions is three years (*see,* CPLR 214 [5]). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.