■ LARRY ZUCKER, Respondent, v COUNTY OF WESTCHESTER, Appellant. [706 NYS2d 154] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered February 23, 1999, which, upon a jury verdict finding that the plaintiff had sustained damages in the sum of $280,000 for past pain and suffering and $50,000 for future pain and suffering, is in favor of the plaintiff and against it in the principal sum of $330,000.

Ordered that the judgment is reversed, on the law and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $280,000 to the sum of $80,000, and the verdict as to damages for future pain and suffering from the sum of $50,000 to the sum of $20,000, and to the entry of an amended judgment in the principal sum of $100,000 accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff, an inmate at the Westchester County Jail, commenced this action against Westchester County to recover damages for injuries he sustained when he was attacked by other inmates at the facility. The plaintiff alleged that his injuries were caused by the defendant's negligent management and control of the inmates at the jail and that his civil rights were violated under 42 USC § 1983.

The trial court erred in submitting the 42 USC § 1983 cause of action to the jury because the plaintiff did not prove that an official policy or custom caused him to be subjected to a denial of a constitutional right (*see, Lopez v Shaughnessy*, 260 AD2d 551, 552). However, the defendant is not entitled to a new trial on damages based on this error. The damages awarded to the plaintiff were for past and future pain and suffering and not for the 42 USC § 1983 cause of action.

The damages awarded for past and future pain and suffering were excessive to the extent indicated in that they deviated

materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.