■ In the Matter of NOEL FEUSTEL, Petitioner, v SCOTT S. ROSENBLUM et al., Respondents. [808 NYS2d 297]—

Proceeding pursuant to Public Officers Law § 36 to remove the respondents Scott S. Rosenblum, Robert Lynn Cox, III, Hugh A. O'Brien, III, Bruce A. Rich, Pia Notaro Carroll, and Mario Posillico from public office in the respondent Incorporated Village of Saltaire. Motion by the respondents Scott S. Rosenblum, Robert Lynn Cox, III, Hugh A. O'Brien, III, Bruce A. Rich, Pia Notaro Carroll, and Mario Posillico, and separate motion by the respondent Incorporated Village of Saltaire, to dismiss the proceeding.

Ordered that the motions are granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, with costs.

On July 29, 2005, before filing this proceeding, the petitioner filed a similar declaratory judgment action in the Supreme Court, Suffolk County. That action, which has five respondents in common with this proceeding, is still pending.

Pursuant to CPLR 3211 (a) (4), a court has broad discretion as to the disposition of an action when another is pending (*see Matter of Janet L.*, 200 AD2d 801 [1994]; *Barringer v Zgoda*, 91 AD2d 811 [1982]). Thus, a court may dismiss an action pursuant to CPLR 3211 (a) (4) where there is a substantial identity of the parties for the same cause of action (*see Lopez v Shaughnessy*, 260 AD2d 551 [1999]). Further, to warrant dismissal, the two actions must be "sufficiently similar" and the relief sought must be "the same or substantially the same" (*White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 94 [1997]). It is not

necessary that the precise legal theories presented in the first proceeding also be presented in the second proceeding (*see Matter of Schaller v Vacco,* 241 AD2d 663 [1997]). Rather, it is necessary only that the pleadings be based upon the same actionable wrong (*id.; see JC Mfg. v NPI Elec.,* 178 AD2d 505 [1991]).

The pleadings in both matters herein show that both arise out of the same alleged actionable wrongs (*see White Light Prods. v On The Scene Prods., supra*). Additionally, there is substantial identity of the parties, and the nature of the relief sought is substantially the same (*see Matter of Schaller v Vacco, supra; White Light Prods. v On The Scene Prods., supra*). As a result, there is no reason to continue two matters rather than just one (*see Kent Dev. Co. v Liccione,* 37 NY2d 899 [1975]; *JC Mfg. v NPI Elec., supra* at 506).

In light of our determination, we need not reach the parties' remaining contentions. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.