■ WILLIAM DIAZ, Appellants, v PHILIP MORRIS COMPANIES, INC., Defendant, and EXCEL INTERIOR CONSTRUCTION CORP. et al., Respondents. [815 NYS2d 109]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated September 27, 2004, as granted that branch of the motion of the defendant Excel Interior Construction Corp. which was to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (5), with prejudice, insofar as asserted against it and the defendants Sergi's Images, Inc., and H. Freund Woodworking Co., Inc.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (5), with prejudice, insofar as asserted against the defendant Excel Interior Construction Corp. and the defendants Sergi's Images, Inc., and H. Freund Woodworking Co., Inc., is denied, and the complaint is reinstated insofar as asserted against the defendants Excel Interior Construction Corp., Sergi's Images, Inc., and H. Freund Woodworking Co., Inc.

In November 2000 the plaintiff William Diaz (hereinafter the plaintiff) allegedly was injured in a workplace accident during the renovation of premises owned by Altria Corporate Service, Inc., sued herein as Philip Morris Companies, Inc. (hereinafter Philip Morris). The general contractor on the project was Excel Interior Construction Corp. (hereinafter Excel). The plaintiff was employed by H. Freund Woodworking Co., Inc. (hereinafter Freund), a subcontractor on the project. The plaintiff allegedly was injured when he was standing on a ladder installing wood trim around a large pane of glass and a piece of the glass came loose and fell on him, injuring his left hand. The glass had been temporarily secured in place by another subcontractor, Sergi's Images, Inc. (hereinafter Sergi).

In February 2001 the plaintiff and his wife commenced a negligence action in the Supreme Court, Queens County, against Philip Morris alone. In August 2001 Philip Morris commenced a third-party action against Excel. Two months later, Excel commenced a fourth-party action against Freund. In August 2003 Philip Morris moved, inter alia, for summary judgment dismissing the complaint on the ground that it neither supervised nor controlled the injured plaintiff's work.

In November 2004, while Philip Morris' motion was pending, the plaintiffs commenced a second action—this one in Kings County. This second action named as defendants Philip Morris, Excel, Freund, and Sergi. It asserted both common-law negligence and various Labor Law causes of action. On February 20, 2004 Philip Morris moved pursuant to CPLR 3211 (a) (4) to

dismiss the Kings County complaint insofar as asserted against it on the ground that there was another action pending between the same parties in a different forum, viz., Queens.

On February 27, 2004, while Philip Morris' motion to dismiss the Kings County complaint was pending, the Supreme Court in Queens County, inter alia, granted Philip Morris' motion for summary judgment dismissing the complaint in the Queens action. Notwithstanding the dismissal of the Queens County complaint, Excel separately moved in March 2004 to dismiss the Kings County complaint in its entirety pursuant to CPLR 3211 (a) (4) on the ground that there was another action pending between the same parties in a different forum, viz., Queens. In the order appealed from, the Supreme Court granted Philip Morris' and Excel's respective motions and dismissed the plaintiffs' complaint against all of the defendants with prejudice. The plaintiffs appeal from so much of the order as granted that branch of Excel's motion which was to dismiss the complaint insofar as asserted against it and the defendants Sergi and Freund. We reverse the order insofar as appealed from.

A motion made pursuant to CPLR 3211 (a) (4) should be granted where an identity of parties and causes of action in two simultaneously pending actions raises the danger of conflicting rulings relating to the same matter (*see White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 93-94 [1997]; *see also Matter of Feustel v Rosenblum*, 24 AD3d 549 [2005]; *Lopez v Shaughnessy*, 260 AD2d 551 [1999]). Here, when the order was issued, there was no other action pending, as the complaint in the Queens County action had been dismissed some seven months earlier. With the dismissal of that complaint, the motions here, to the extent predicated on CPLR 3211 (a) (4), became academic (*see Van Bron Corp. v Gier's Farm Serv.*, 273 AD2d 811 [2000]; *see also Kung v Farinella*, 277 AD2d 427 [2000]). Moreover, while the Queens County action involved only negligence-based causes of action brought against one defendant, the complaint filed in Kings County contained Labor Law causes of action as well, and they were asserted against three additional defendants. Thus, at the time the order under review was issued, not only was there no other action pending, but there was no identity of parties or causes of action with the previously-pending action. And, inasmuch as the plaintiffs here seek reinstatement of their complaint in Kings County only as against the defendants not named as such in the Queens County complaint, the Supreme Court's reliance on principles of collateral estoppel as an additional or alternative basis for dismissing the complaint (*see*

CPLR 3211 [a] [5]) was clearly misplaced. The plaintiffs were never afforded a full and fair opportunity in Queens County to litigate any issue that will be raised in the Kings County action as against Excel, Freund, and Sergi (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]).

Excel's remaining contentions are without merit. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.