■ Barbara Simonetti et al., Appellants, v Joanne E. Larson, Respondent. [845 NYS2d 369]—

In an action, inter alia, to recover damages for conversion and violation of fiduciary duties, and for the imposition of a constructive trust, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Phelan, J.), dated February 27, 2006, which granted that branch of the defendant's motion which was to dismiss the complaint as duplicative pursuant to CPLR 3211 (a) (4), and (2), as limited by their brief, from so much of an order of the same court dated August 10, 2006, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 27, 2006 is dismissed, without costs or disbursements, as that order was superseded by the order dated August 10, 2006, made upon reargument; and it is further,

Ordered that the order dated August 10, 2006 is affirmed insofar as appealed from, without costs or disbursements.

Following the death of Josephine Simonetti (hereinafter the decedent) in Florida, a surviving relative, the defendant Joanne E. Larson, filed a petition for letters of administration in the Circuit Court for Orange County, Florida. Thereafter, another surviving relative, the plaintiff Carol Simonetti, commenced a proceeding in the Nassau County Surrogate's Court to probate the decedent's will. During the pendency of those two proceedings, the plaintiffs Carol Simonetti and Barbara Simonetti commenced the instant action against Larson in the Supreme Court, Nassau County, alleging, inter alia, causes of action to recover damages for conversion and violation of fiduciary duties, and for the imposition of a constructive trust. The Supreme Court granted the defendant's motion to dismiss the instant action as duplicative pursuant to CPLR 3211 (a) (4). We affirm.

Pursuant to CPLR 3211 (a) (4), a court has broad discretion as to the disposition of an action when another action is pending (see Whitney v Whitney, 57 NY2d 731, 732 [1982]; Matter of Janet L., 200 AD2d 801 [1994]; Barringer v Zgoda, 91 AD2d 811 [1982]), and may dismiss one of the actions where there is a substantial identity of the parties and causes of action (see Montalvo v Air Dock Sys., 37 AD3d 567 [2007]; Certain Under-

*writers at Lloyd's, London v Hartford Acc. & Indem. Co.,* 16 AD3d 167, 168; *Lopez v Shaughnessy,* 260 AD2d 551 [1999]). To warrant dismissal, the two actions must be "sufficiently similar" and the relief sought must be "the same or substantially the same" (*Liebert v TIAA-CREF,* 34 AD3d 756, 757 [2006]; *see White Light Prods. v On The Scene Prods.,* 231 AD2d 90, 94 [1997]). It is not necessary that the precise legal theories presented in the first proceeding also be presented in the second proceeding (*see Matter of Schaller v Vacco,* 241 AD2d 663 [1997]). Rather, it is necessary that "both suits arise out of the same subject matter or series of alleged wrongs" (*Kent Dev. Co. v Liccione,* 37 NY2d 899, 901 [1975]; *JC Mfg. v NPI Elec.,* 178 AD2d 505 [1991]).

Applying these principles to the matter at bar, the pleadings in the Supreme Court action and the Surrogate's Court proceeding show that both suits arise out of the same alleged actionable wrongs (*see Kent Dev. Co. v Liccione,* 37 NY2d at 901; *White Light Prods. v On The Scene Prods., Inc.,* 231 AD2d at 90). Additionally, there is substantial identity of the parties, and the nature of the relief sought is substantially the same (*Matter of Schaller v Vacco,* 241 AD2d 663 [1997]). Contrary to the plaintiffs' contentions that the suits are entirely different because they proceeded under different theories of relief, other than semantic distinctions, there is no difference between the relief requested in the two suits, i.e., the recovery of the decedent's estate assets for distribution. As a result, there is no reason to continue two suits rather than just one (*see Kent Dev. Co. v Liccione,* 37 NY2d at 901; *JC Mfg. v NPI Elec.,* 178 AD2d at 506). The Supreme Court, therefore, providently exercised its discretion in granting that branch of the defendant's motion which was to dismiss the complaint in the instant action pursuant to CPLR 3211 (a) (4). Ritter, J.P., Santucci, Lifson and Dillon, JJ., concur.