■ MARISSA WHARRY, Appellant, v LINDENHURST UNION FREE SCHOOL DISTRICT et al., Respondents. (Matter No. 1.) In the Matter of MARISSA WHARRY, Appellant, v LINDENHURST UNION FREE SCHOOL DISTRICT, Respondent. (Matter No. 2.) [885 NYS2d 105]—

In an action, inter alia, to recover damages for civil rights violations (matter No. 1), and a related proceeding pursuant to CPLR article 78 to review a determination of the Lindenhurst Union Free School District (matter No. 2), Marissa Wharry appeals from (1) an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 23, 2007, which granted the defendant's motion pursuant to CPLR 3211 (a) (4) and (7) to dismiss the complaint in matter No. 1, and (2) a judgment of the same court, also dated July 23, 2007, which denied the petition and dismissed the proceeding in matter No. 2.

Ordered that the order and the judgment are affirmed, with one bill of costs.

Marissa Wharry filed a petition pursuant to CPLR article 78 seeking to review a determination of the Lindenhurst Union Free School District (hereinafter the District) not to renew her annual contract as varsity gymnastics coach, and to compel the District to renew her annual contract for that position (matter No. 2). Wharry also initiated a separate action for damages against the District, its Superintendent of Schools, and "John Doe" 1-10 asserting two causes of action. Specifically, Wharry alleged that the District's determination not to renew her contract violated her civil rights and that after her contract was not renewed the defendants tortiously interfered with her attempts to secure other employment (matter No. 1). In the order appealed from, the Supreme Court granted the defendants' motion to dismiss the complaint in matter No. 1, and in the judgment appealed from, dismissed the CPLR article 78 proceeding in matter No. 2. We affirm.

The District's determination not to renew Wharry's annual contract had a rational basis and was neither arbitrary nor capricious (*see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 363 [1999]; *cf. Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ.*, 91 NY2d 133, 139 [1997]; *see also Matter of Needleman v County of Rockland*, 270 AD2d 423 [2000]). Accordingly, the Supreme Court properly dismissed the CPLR article 78 proceeding in matter No. 2.

The complaint in matter No. 1 could not be dismissed pursuant to CPLR 3211 (a) (4) as duplicative of the petition in matter No. 2, as the relief sought by the complaint and the petition was not substantially the same (*cf. Simonetti v Larson*, 44 AD3d 1028 [2007]). However, the allegations in Wharry's complaint were insufficient to state a cause of action to recover damages

for any civil rights violation. In addition, Wharry's vague and conclusory factual allegations do not state a cause of action to recover damages for tortious interference with her attempts to secure employment with other school districts (*see Jacobs v Continuum Health Partners*, 7 AD3d 312, 313 [2004]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint in matter No. 1. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur. [*See* 2007 NY Slip Op 32297(U).]