Matter of Living Real Estate Group, LLC v Douglas Elliman, LLC (2023 NY Slip Op 05366)

Matter of Living Real Estate Group, LLC v Douglas Elliman, LLC

2023 NY Slip Op 05366

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 653959/22 654722/22 Appeal No. 891-892 Case No. 2023-01561 2023-01734 

[*1]In the Matter of Living Real Estate Group, LLC, Petitioner-Appellant,
v
Douglas Elliman, LLC, Respondent-Respondent.
Living Real Estate Group, LLC, Plaintiff-Appellant,
v
Douglas Elliman, LLC et al., Defendants-Respondents.

Mullen P.C., New York (Wesley M. Mullen of counsel), for appellant.
Cole Chester LLP, New York (Michael S. Cole of counsel), for respondents.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered March 20, 2023, which denied petitioner Living Real Estate Group, LLC's (Living NY) petition pursuant to CPLR 7503 seeking a permanent stay of arbitration demanded by respondent Douglas Elliman, LLC (Elliman), and ordered the parties to proceed to arbitration, unanimously affirmed, without costs. Order, same court and Justice, entered April 4, 2023, which granted defendants' motion to dismiss plaintiff Living NY's complaint seeking a declaratory judgment that it had no liability to defendants, unanimously reversed, on the law, without costs, the motion denied, and the matter stayed pending resolution of the arbitration.
The motion court properly denied Living NY's petition for a stay of arbitration. Elliman established that the parties had agreed to submit their commission dispute to arbitration and that the dispute generally came within the scope of the agreement (Cooper v Bruckner, 21 AD3d 758, 759 [1st Dept 2005]). Membership in a group whose organizing documents require arbitration of certain disagreements satisfies and constitutes an agreement under CPLR 7503 (a) (Matter of Willard Alexander, Inc. [Glasser], 31 NY2d 270, 273-274 [1972], cert denied 410 US 983 [1973]). Pursuant to the terms of the Real Estate Board of New York (REBNY)'s constitution, arbitration is mandatory for disputes between certain classes of members (of which Living NY's principal is indisputably one) or "the firms which such members are affiliated." Thus, as a member of REBNY whose firm's principal fell within one of the designated categories, Living NY consented to the organization's arbitration provisions.
Contrary to Living NY's view, Elliman's arbitration demand clearly spells out the nature of the dispute — that its agent did all the work of bringing the buyers to the seller and negotiated and obtained a contract of sale, only to have its buyer-clients utilize Living NY to purchase the same apartment for nearly the same amount. Both Living NY and the arbitration committee were thus well aware of the allegations underpinning the fee dispute (see e.g. Foley v D'Agostino, 21 AD2d 60, 63 [1st Dept 1964]).
However, the motion court improvidently dismissed Living NY's declaratory judgment complaint. CPLR 3211(a)(4) provides that a party can seek dismissal of an action if another action is "pending [between the same parties] in a court of any state or the United States." At the time the court dismissed the declaratory judgment action, Living NY's motion for a stay of arbitration was no longer pending (see e.g. Diaz v Philip Morris Cos., Inc., 28 AD3d 703, 705 [2d Dept 2006]). Moreover, a private arbitration does not qualify as an action pending "in a court of a state" (see Parkway Trading Group Corp. v Blesofsky, 35 Misc 3d 1216[A], 2012 NY Slip Op 50722[U], *4 [Sup Ct, Kings County 2012]). In any event, although the matters arose from the same transaction, the relief sought in each action was quite [*2]different (see White Light Prods. v On the Scene Prods., 231 AD2d 90, 94 [1st Dept 1997]).
Under the circumstances, given that arbitration of the parties' underlying dispute is proceeding, the court should have stayed the declaratory judgment action pending resolution of the arbitration (see CPLR 7503[a]; Cohen v Ark Asset Holdings, Inc., 268 AD2d 285, 286 [1st Dept 2000] ["Where arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where, as here, the determination of issues in arbitration may well dispose of nonarbitrable matters"]; see also CPLR 2201]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023