## Smith v City of New York

2025 NY Slip Op 31819(U)

May 20, 2025

Supreme Court, New York County

Docket Number: Index No. 153568/2024

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. HASA A. KINGO** | PART 05M |
| | *Justice* | |

-------------------------------------------------------------------------------X

GREGORY SMITH

                                Plaintiff,

                   - v -

THE CITY OF NEW YORK,

                                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153568/2024 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to                          DISMISS                .

       Defendant City of New York (hereinafter "Defendant" or "City") moves pursuant to CPLR §§ 3211(a)(1), (4), and (7) to dismiss Plaintiff Gregory Smith's (hereinafter "Plaintiff") amended verified complaint in its entirety, contending: (i) a first filed Article 78 special proceeding between the same parties challenges the same disciplinary decision; (ii) Plaintiff's allegations do not state plausible claims for race discrimination under the NYSHRL and NYCHRL; (iii) arrest history discrimination is barred under NYCHRL § 8 107(10)(f); (iv) negligent infliction of emotional distress is inadequately pleaded; and (v) punitive damages cannot be sustained against a municipal defendant.

## BACKGROUND AND PROCEDURAL HISTORY

       Plaintiff, an African American former New York City Police Department ("NYPD") Sergeant, was terminated on September 28, 2023 after a departmental trial before the Assistant Deputy Commissioner of Trials found him guilty of engaging in a domestic violence altercation. While the underlying criminal charges were dismissed, the NYPD disciplinary process resulted in his dismissal following a full hearing that included testimony, cross examination, and body camera evidence.

       On January 21, 2024, Plaintiff filed an Article 78 petition in New York County Supreme Court (Index No. 150554/2024), seeking annulment of the termination order and reinstatement with back pay. That proceeding was transferred to the Appellate Division, First Department, on October 8, 2024, and remains pending. Meanwhile, on April 16, 2024, Plaintiff commenced this plenary action—later amended on December 3, 2024—seeking money damages for alleged race and arrest history discrimination, negligent infliction of emotional distress, and punitive damages.

**153568/2024   SMITH, GREGORY vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 1 of 5**

[* 1]

## ARGUMENTS

In support of the instant motion, the City asserts that this action duplicates the Article 78 proceeding and should be dismissed under CPLR § 3211(a)(4); that Plaintiff fails to plead comparators who are similarly situated or any discriminatory animus; that NYCHRL § 8-107(10)(f) excludes police officers from arrest history protection; that no special duty or physical endangerment supports emotional distress damages; and that punitive damages cannot lie against a city agency.

Plaintiff counters that this case seeks distinct relief—compensatory damages unavailable in a special proceeding—and thus CPLR § 3211(a)(4) is inapplicable. He maintains that he has identified sufficient comparators and improper use of sealed records, and that disciplinary rules and state law impose duties that support his emotional distress claim. Plaintiff further relies on precedents permitting concurrent Article 78 and plenary actions.

## DISCUSSION

### A. CPLR § 3211(a)(4) – Prior Pending Proceeding

Although this court has discretion under CPLR § 3211(a)(4) to dismiss duplicative actions, dismissal is unwarranted where the remedies sought differ materially. Here, the Article 78 proceeding seeks reinstatement and back pay—a remedy limited to review of administrative acts—while this plenary action seeks money damages for constitutional and statutory discrimination, emotional distress, and punitive relief. New York courts permit distinct actions when relief diverges, even where facts overlap (*Simonetti v. Larson*, 44 AD3d 1028 [2d Dept 2007]). Because Plaintiff's claims for damages cannot be awarded in a special proceeding, the motion to dismiss on this ground is denied.

### B. Race and Arrest-History Discrimination Claims

On a motion to dismiss for failure to state a cause of action under CPLR § 3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*).

On a motion to dismiss under CPLR § 3211 (a)(1), courts may grant such relief only where the "documentary evidence" is of such nature and quality –"unambiguous, authentic, and undeniable" – that it utterly refutes plaintiff's factual allegation, thereby conclusively establishing a defense as a matter of law (*see Phillips v Taco Bell Corp.*, 152 AD3d 806, 806-807 [2d Dept 2017]; *VXI Lux Holdco S.A.R.L v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] ["A paper will qualify as 'documentary evidence' if ... (1) it is 'unambiguous,' (2) it is of 'undisputed authenticity,' and (3) its contents are 'essentially undeniable'"].) The Appellate Division, First

Department, has explained that the documentary evidence must "definitely dispose of the plaintiff's claim" (*Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014]).

Under both the NYSHRL and NYCHRL, a complaint need only "give fair notice of the nature of the claim and its grounds," and must be "construed broadly in favor of discrimination plaintiffs" (*Romanello v. Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884–85 [2013]; *Perez v. Y & M Transp. Corp.*, 219 AD3d 1449, 1451 [2d Dept 2023]). Under the NYSHRL, a plaintiff must allege (1) membership in a protected class, (2) qualification for the position, (3) an adverse employment action, and (4) circumstances giving rise to an inference of discriminatory intent (*Stephenson v. Hotel Emps. & Rest. Emps. Union Local 100*, 6 NY3d 265, 270 [2006]). After the 2019 amendments, the NYSHRL is to be interpreted no less liberally than the NYCHRL (Executive Law § 300). And, as the Second Circuit has confirmed, a plaintiff may raise that inference simply by pleading that she was "treated less favorably than a similarly situated employee outside [her] protected group" (*Mihalik v. Credit Agricole Cheuvreux N. Am., In*c., 715 F.3d 102, 110 [2d Cir. 2013]).

Here, the amended complaint more than meets that standard. Plaintiff alleges that he is African-American, a protected characteristic under both statutes; that he was a fully tenured, highly regarded NYPD Sergeant with no prior disciplinary record; and that he was abruptly terminated following a disciplinary trial. Critically, he identifies at least five non-Black officers—charged under analogous circumstances, including domestic-violence allegations—who either prevailed at their disciplinary hearings or received markedly lighter penalties (e.g., mere suspensions) despite similar factual predicates. Those comparator allegations, taken as true, establish a "reasonably close resemblance of facts and circumstances," and thus adequately plead an inference of race discrimination (*Mihalik*, 715 F.3d at 110, *supra*; *Etienne v. MTA N.Y.C. Transit Auth.*, 223 AD3d 612 [1st Dept 2024]).

Defendant's attempt to proscribe these well-pleaded allegations through out-of-context disciplinary transcripts and affidavits improperly seeks to convert this motion into one for summary judgment. Documentary evidence may defeat a complaint only when it is "unambiguous, authentic, and undeniable" such that it "definitely dispose[s] of the plaintiff's claim" (*Art & Fashion Group Corp.*, 120 AD3d at 438, *supra*). Here, far from "undeniably" negating any inference of bias, the pleadings and statistical allegations of systemic disparity—echoed in *Ashanti v. City of New York*, 225 AD3d 443 (1st Dept 2024)—readily support the conclusion that discovery is warranted. Accordingly, the court declines to dismiss Plaintiff's race-discrimination claims under either the NYSHRL or the NYCHRL.

With respect to arrest-history discrimination, Plaintiff claims that the City improperly relied upon sealed arrest records in making disciplinary decisions and that such reliance had a disparate impact on him as a Black man, compounding existing racial biases. While the NYCHRL provides broad protections against discrimination based on arrest records, it expressly exempts police officers from the ambit of those protections under § 8-107(10)(f). Accordingly, Plaintiff's NYCHRL-based claim must be dismissed with prejudice.

However, Plaintiff's arrest history allegations remain viable under the NYSHRL. As this court held in *Holloway v. City of New York* (Index No. 155255/2022, NY Sup Ct, NY County, Jan.

**153568/2024   SMITH, GREGORY vs. THE CITY OF NEW YORK**
**Motion No.  001**

Page 3 of 5

12, 2024), the exemption under the NYCHRL does not preclude claims under the NYSHRL or federal law where the plaintiff asserts that sealed arrest records were improperly used to impose adverse employment actions. In *Holloway*, the court emphasized that "where a police officer alleges that the improper consideration of sealed arrest records contributed to a discriminatory employment decision, and that this disparate treatment was connected to a protected class such as race, such claims are independently cognizable under the NYSHRL." Indeed, the statutory protections concerning sealed records are rooted in the strong public policy against the collateral use of non-adjudicated arrests.

Further, the NYSHRL must be construed liberally in favor of plaintiffs (*see* Executive Law § 300). A claim that the City relied on sealed arrest records in a manner that disparately impacted Black officers, even if incidentally, falls squarely within the ambit of the NYSHRL's protections. The Legislature's decision not to incorporate a carve-out akin to that found in the NYCHRL supports the conclusion that the NYSHRL was meant to encompass all public employees, including law enforcement personnel, in its protections against discriminatory arrest record usage.

Accordingly, while Plaintiff's arrest history claim under the NYCHRL is barred by statute and dismissed with prejudice, the NYSHRL claim survives. To the extent the City argues otherwise, such contentions are premature and better resolved on a full record. The court declines to dismiss that portion of Plaintiff's arrest history discrimination claim sounding under the NYSHRL.

### C. Negligent Infliction of Emotional Distress

New York law requires a special duty or tortious act placing the plaintiff in physical peril to sustain negligent infliction of emotional distress. Plaintiff's allegations of procedural unfairness in a disciplinary trial do not establish such a duty or danger (*Lauer v. City of New York*, 95 NY2d 95, 100 [2000]; *Scifo v. Taibi*, 198 AD3d 704 [2d Dept 2021]). Accordingly, that claim is dismissed with prejudice.

### D. Punitive Damages

Punitive damages cannot be recovered against a municipal entity (*Krohn v. New York City Police Dept.*, 2 NY3d 329, 336 [2004]). Plaintiff's demand for punitive relief is therefore stricken.

Defendant's motion to dismiss is GRANTED in part and DENIED in part. The motion is denied as to the distinct monetary discrimination claims under the NYSHRL and NYCHRL, and as to relief under CPLR § 3211(a)(4). The motion is granted as to arrest-history discrimination under NYCHRL § 8-107(10)(f), negligent infliction of emotional distress, and punitive damages, each dismissed with prejudice.

Accordingly, it is hereby

**ORDERED** that Defendant's motion to dismiss is GRANTED to the extent that Plaintiff's claims against the City sounding in arrest history discrimination under NYCHRL § 8 107(10)(f),

**153568/2024   SMITH, GREGORY vs. THE CITY OF NEW YORK**                                                    **Page 4 of 5**
**Motion No.  001**

4 of 5

[* 4]

negligent infliction of emotional distress, and punitive damages, are each dismissed with prejudice; and it is further

**ORDERED** that Defendant's application to dismiss Plaintiff's racial discrimination claims and arrest history discrimination claims under the NYSHRL, is DENIED; and it is further

**ORDERED** that the remainder of the motion is DENIED; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in Defendant's favor in accordance with the above-stated directives.

This constitutes the decision and order of the court.

| | |
|---|---|
| **5/20/2025** | **HASA A. KINGO, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**153568/2024   SMITH, GREGORY vs. THE CITY OF NEW YORK**
**Motion No.  001**

Page 5 of 5

5 of 5