Gawel v Roman Catholic Diocese of Brooklyn (2025 NY Slip Op 06691)

Gawel v Roman Catholic Diocese of Brooklyn

2025 NY Slip Op 06691

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-05940
 (Index No. 516508/21)

[*1]Sebastian Gawel, respondent, 
v
Roman Catholic Diocese of Brooklyn, defendant, St. Francis Prepatory School, et al., appellants.

Patrick F. Adams, P.C., Great River, NY (Joseph M. Nador of counsel), for appellants.
Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Jason Rubin, and Emily Dolgin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendants St. Francis Preparatory School, incorrectly sued herein as St. Francis Prepatory School, and St. Francis Monastery, incorrectly sued herein as St. Francis Monastary, appeal from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated June 4, 2024. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3024(b) to strike paragraphs 49, 56-74, 82, 97, 99, 106, and 108 of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied those branches of the motion of the defendants St. Francis Preparatory School, incorrectly sued herein as St. Francis Prepatory School, and St. Francis Monastery, incorrectly sued herein as St. Francis Monastary, which were pursuant to CPLR 3024(b) to strike paragraphs 49, 56-74, 82, 97, 99, 106, and 108 of the complaint is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying those branches of the motion of the defendants St. Francis Preparatory School, incorrectly sued herein as St. Francis Prepatory School, and St. Francis Monastery, incorrectly sued herein as St. Francis Monastary, which were pursuant to CPLR 3024(b) to strike paragraphs 58-64, 68, 71, 73, and 108 of the complaint and to strike from paragraph 82 of the complaint the allegation stating "clergy in general," and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants St. Francis Preparatory School, incorrectly sued herein as St. Francis Prepatory School, and St. Francis Monastery, incorrectly sued herein as St. Francis Monastary (hereinafter together the defendants), and another defendant. The complaint alleges causes of action sounding, inter alia, in negligence, negligent training and supervision of employees, [*2]and negligent retention of employees. The defendants moved, among other things, pursuant to CPLR 3024(b) to strike paragraphs 49, 56-74, 82, 97, 99, 106, and 108 of the complaint. The Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.
CPLR 3024(b) provides that "[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading." Matter that is scandalous or prejudicial will not be stricken if it is relevant to a cause of action in a complaint or petition or its material elements (see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 97; New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan, 22 AD3d 391). The standard of review for the appellate court is whether the trial court's order was an improvident exercise of discretion (see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d at 97).
Contrary to the defendants' contention, the allegations in paragraphs 49, 56-57, 65-67, 69-70, 72, 74, 97, 99, and 106 of the complaint are relevant to this matter, and necessary to support the pleading. Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the defendants' motion which were pursuant to CPLR 3024(b) to strike those paragraphs of the complaint (see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d at 97; Irving v Four Seasons Nursing & Rehabilitation Ctr., 121 AD3d 1046, 1048).
As relevant here, paragraph 82 of the complaint alleges that: "At all times relevant and material hereto, Defendants failed to warn Catholic families that their students and children were at risk of sexual abuse by clergy in general and PERPETRATOR in particular." While some of the allegations of paragraph 82 are facially scandalous by nature, we find that they are not unnecessary to the complaint, and the Supreme Court did not improvidently exercise its discretion in declining to strike them under CPLR 3024(b). However, the broader and general statement alleging "clergy in general" contained in paragraph 82 should have been stricken pursuant to CPLR 3024(b) as irrelevant, scandalous, and prejudicial (see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d at 107).
Further, the allegations in paragraphs 58-64, 68, 71, 73, and 108 of the complaint should have been stricken as scandalous and prejudicial (see CPLR 3024[b]; JC Mfg. v NPI Elec., 178 AD2d 505, 506). While the mere striking of matter from a pleading under CPLR 3024(b) does not, ipso facto, preclude related facts or evidence from being admitted at a later trial (see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d at 97), the stricken matter is not necessary for the sufficiency of the plaintiff's pleading, and it would cause undue prejudice to the defendants.
Accordingly, we modify the order insofar as appealed from so as to grant those branches of the defendants' motion which were pursuant to CPLR 3024(b) to strike paragraphs 58-64, 68, 71, 73, and 108 of the complaint and to strike from paragraph 82 of the complaint the allegation stating "clergy in general" (see JC Mfg. v NPI Elec., 178 AD2d at 506; Wegman v Dairylea Coop., 50 AD2d 108).
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court