■ Lynn L. Liebert, Appellant, v TIAA-CREF et al., Respondents. [826 NYS2d 339]—

In an action, inter alia, for declaratory relief relating to the

parties' rights under a certain pension benefit plan, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered July 6, 2005, which, upon an order of the same court dated June 16, 2005, inter alia, granting the defendants' separate motions to dismiss the complaint pursuant to CPLR 3211 (a) (4), dismissed the action.

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court properly granted the defendants' separate motions to dismiss the action pursuant to CPLR 3211 (a) (4) because there is a divorce action and a probate proceeding pending in a court of the state of Nevada in which the plaintiff's asserted interests may be litigated. CPLR 3211 (a) (4) vests a court with broad discretion in considering whether to dismiss an action on the ground that another action is pending between the same or similar parties seeking the same or substantially the same relief (*see Whitney v Whitney,* 57 NY2d 731 [1982]; *White Light Prods. v On The Scene Prods.,* 231 AD2d 90, 93 [1997]). Under the circumstances, the plaintiff's commencement of the instant action violates the public policy against "forum shopping and the bifurcation of divorce and equitable distribution proceedings" (*O'Connell v Corcoran,* 1 NY3d 179, 185 [2003]; *see St. John v St. John,* 201 AD2d 552, 553 [1994]). The plaintiff may not avoid litigating the issues raised in the Nevada divorce action and probate proceeding by commencing a separate action seeking primarily declaratory relief in New York (*see Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 148 [1983], *cert denied* 464 US 993 [1983]; *DiGeronimo v Amrod,* 248 AD2d 652, 653 [1998]; *Salomon Bros. v West Virginia State Bd. of Invs.,* 168 AD2d 384 [1990]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.