■ NELSON MONTALVO, Appellant, v AIR DOCK SYSTEMS et al., Respondents. [830 NYS2d 255]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (M. Garson, J.), dated December 17, 2004, which denied his motion for leave to enter a default judgment against the defendant Jorge Padilla and granted the cross motion of the defendant Trac Lease, Inc., in effect, pursuant to CPLR 3211 (a) (4) to dismiss the complaint insofar as asserted against it and, in effect, directed dismissal of the complaint insofar as asserted against the remaining defendants, and (2) from an order of the same court dated April 15, 2005, which denied his motion, inter alia, for leave to renew.

Ordered that the orders are affirmed, with one bill of costs to the respondents.

Pursuant to CPLR 3211 (a) (4), a court has broad discretion as to the disposition of an action when another action is pending (*see Matter of Janet L.*, 200 AD2d 801 [1994]; *Barringer v Zgoda*, 91 AD2d 811 [1982]). Thus, a court may dismiss an action pursuant to CPLR 3211 (a) (4) where there is a substantial identity of the parties for the same cause of action (*see Lopez v Shaughnessy*, 260 AD2d 551 [1999]). Further, to warrant dismissal, the two actions must be sufficiently similar and the relief sought must be "the same or substantially the same" (*White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 94 [1997], quoting *Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]).

Here, the Supreme Court properly granted the cross motion of the defendant Trac Lease, Inc. (hereinafter Trac), pursuant to CPLR 3211 (a) (4), in effect, to dismiss the complaint insofar as asserted against it. We note that the Supreme Court erroneously identified the cross-movant as the defendant Air Dock Systems. Trac established that the instant action was identical to another action pending in the Supreme Court, Kings County, entitled *Montalvo v Air Dock Systems*, under index No. 1604/01 (hereinafter the first action) (*see Brancoveanu v Brancoveanu*, 303 AD2d 349 [2003]). Contrary to the plaintiff's contention, the first action insofar as asserted against the defendant Jorge Padilla was not automatically dismissed. "Absent an order dismissing these claims as abandoned, i.e., finding no sufficient cause for the delay," Padilla remains a party to the action (*Haywood v Grand Concourse Radiology*, 2 AD3d 111, 112 [2003] [citations omitted]). Accordingly, the prior action against

Padilla was pending at the time of the filing of Trac's cross motion pursuant to CPLR 3211 (a) (4) in the second action (*id.*). Since the instant action was *identical* to the first action, including having been commenced against the same parties, the second action was properly dismissed in its entirety pursuant to CPLR 3211 (a) (4) (*see Brancoveanu v Brancoveanu, supra*).

The plaintiff's remaining contentions are without merit or have been rendered academic. Rivera, J.P., Spolzino, Goldstein and Skelos, JJ., concur.