■ CHERICO, CHERICO & ASSOCIATES, Appellant, v ROBIN MIDOLLO, Respondent. [886 NYS2d 914]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 24, 2008, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending between the same parties for the same cause of action.

Ordered that the order is affirmed insofar as appealed, without costs or disbursements.

Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed on the ground that there is another action pending between the same parties for the same cause of action (*see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Matter of Janet L.*, 200 AD2d 801, 803 [1994]; *Barringer v Zgoda*, 91 AD2d 811 [1982]; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.18). A court may dismiss an action pursuant to CPLR 3211 (a) (4) where there is a substantial identity of the parties and causes of action (*see Montalvo v Air Dock Sys.*, 37 AD3d 567 [2007]; *Certain Underwriters at Lloyd's, London v Hartford Acc. & Indem. Co.*, 16 AD3d 167 [2005]; *Lopez v Shaughnessy*, 260 AD2d 551 [1999]; *Proietto v Donohue*, 189 AD2d 807 [1993]). It is not necessary that the precise legal theories presented in the first action also be presented in the second action (*see Matter of Schaller v Vacco*, 241 AD2d 663 [1997]); rather, it is sufficient if the two actions are "sufficiently similar" (*Montalvo v Air Dock Sys.*, 37 AD3d at 567) and that the relief sought is "the same or substantially the same" (*Liebert v TIAA-CREF*, 34 AD3d 756, 757 [2006]; *see White Light Prods. v On The Scene Prods.*, 231 AD2d 90 [1997]). The critical element is that " 'both suits arise out of the same subject matter or series of alleged wrongs' " (*White Light Prods. v On The Scene Prods.*, 231 AD2d at 94, quoting *Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]; *see JC Mfg. v NPI Elec.*, 178 AD2d 505 [1991]).

Applying these principles to the matter at bar, it is clear that the Supreme Court did not improvidently exercise its discretion in granting that branch of the defendant's motion which was to dismiss the complaint on the ground that there was another action pending. The issues raised and relief sought by the complaint in the instant action were substantially the same as the issues raised and relief sought in the pending action— namely, a determination as to whether the plaintiff was entitled to collect legal fees from the defendant, and, if so, the amount of those fees. Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.