■ DAIJ, INC., Appellant, v RONALD H. ROTH et al., Respondents. [925 NYS2d 867]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered January 9, 2009, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4).

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same (*see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]; *Cherico, Cherico & Assoc. v Midollo*, 67

AD3d 622, 622 [2009]; *Liebert v TIAA-CREF*, 34 AD3d 756, 757 [2006]). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (*Cherico, Cherico & Assoc. v Midollo*, 67 AD3d at 622 [internal quotation marks omitted]; *see Kent Dev. Co. v Liccione*, 37 NY2d at 901).

This action and an action pending in the Civil Court of the City of New York both arise from the same subject matter and alleged wrongs, and involve substantial identity of the parties and similarity of claims. The plaintiff's claims may be fully litigated in the Civil Court action. Accordingly, on the record presented, the Supreme Court providently exercised its discretion in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) (*see Cherico, Cherico & Assoc. v Midollo*, 67 AD3d at 623; *Liebert v TIAA-CREF*, 34 AD3d at 757).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.