■ Scottsdale Insurance Company et al., Appellants, v Indemnity Insurance Corporation RRG et al., Respondents. [974 NYS2d 476]—

In an action, inter alia, for a judgment declaring that the defendant Indemnity Insurance Corporation RRG is obligated to defend and indemnify the plaintiff Alpha 1 Security, Inc., in an underlying personal injury action entitled *Ward v MGM Prods., Inc.*, pending in the Supreme Court, Nassau County, under index No. 19129/09, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 30, 2012, which granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4).

Ordered that the order is affirmed, with costs.

Khary Ward allegedly was injured as a result of an incident that occurred at a nightclub operated by the defendant MGM Productions, Inc. (hereinafter MGM). Ward thereafter commenced a personal injury action (hereinafter the Ward action) against MGM and Alpha 1 Security, Inc. (hereinafter Alpha), which provided security services at the nightclub pursuant to a contract with MGM.

As required by its contract with MGM, Alpha had obtained a policy of insurance from Scottsdale Insurance Company (hereinafter Scottsdale), naming MGM as an additional insured. MGM maintained its own policy of insurance issued by Indemnity Insurance Company RRG (hereinafter Indemnity). When MGM notified Indemnity of the Ward action, Indemnity attempted to tender the defense of MGM to Scottsdale. Scottsdale refused to defend MGM in the Ward action, whereupon Indemnity commenced a declaratory judgment action against Scottsdale, seeking, inter alia, a declaration that Scottsdale had a duty to defend and indemnify MGM in the Ward action as a primary insurer under the Scottsdale policy (hereinafter the Indemnity action). Subsequently, Scottsdale and Alpha commenced the instant action against Indemnity and MGM seeking declarations, inter alia, that Indemnity and MGM are obligated to defend and indemnify Alpha in the Ward action pursuant to the coverage under the policy of insurance issued to MGM by Indemnity.

The defendants moved to dismiss the instant complaint on various grounds. The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4), upon its finding that the instant action and the Indemnity action had substantially identical parties and sought the identical relief. The plaintiffs appeal.

Where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending (*see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]; *Montalvo v Air Dock Sys.*, 37 AD3d 567 [2007]; *Liebert v TIAA-CREF*, 34 AD3d 756 [2006]). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (*Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 622 [2009] [internal quotation marks omitted]; *see Whitney v Whitney*, 57 NY2d at 732; *Kent Dev. Co. v Liccione*, 37 NY2d at 901; *Matter of Willnus*, 101 AD3d 1036 [2012]; *DAIJ, Inc. v Roth*, 85 AD3d 959 [2011]). Under the circumstances of this case, upon the record that

existed at the time the Supreme Court issued the order appealed from, the court providently exercised its discretion in granting that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4) (*see Matter of Willnus*, 101 AD3d 1036 [2012]; *DAIJ, Inc. v Roth*, 85 AD3d 959 [2011]; *Spain v 325 W. 83rd Owners Corp.*, 302 AD2d 587 [2003]).

The plaintiffs' remaining contentions are either based on matter dehors the record or without merit. Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.