Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered December 27, 2012, which denied Gold Star’s motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In the underlying personal injury action, landlord 2445 Crestón and tenant Gold Star were both named as defendants, and 2445 Crestón asserted cross claims against Gold Star for common-law and contractual indemnification. Thereafter, 2445 Crestón commenced this declaratory judgment action, against Gold Star and Leading Insurance, Gold Star’s insurer, for indemnification and breach of agreement to procure insurance.
*632 Although 2445 Crestón frames the instant case as “based solely on the relevant language of the governing lease agreement,” whether it is entitled to the relief it seeks in this declaratory judgment action will be solely dependent on factual issues which must be litigated in the underlying action. Moreover, 2445 Creston’s claims against Gold Star in this action were, or could be, asserted in the underlying action. The actions are therefore so “substantially similar,” the instant action should be dismissed (see White Light Prods, v On The Scene Prods., 231 AD2d 90, 93-94 [1st Dept 1997]; DAIJ, Inc. v Roth, 85 AD3d 959, 960 [2d Dept 2011]).
Concur—Mazzarelli, J.E, Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.