■ AURORA LOAN SERVICES, LLC, Appellant, v VINCENT G. REID, Respondent, et al., Defendants. [17 NYS3d 894]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), entered August 29, 2013, as granted that branch of the motion of the defendant Vincent G. Reid which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (4) and RPAPL 1301 (3).

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is

substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending" (*Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG*, 110 AD3d 783, 784 [2013]; *see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]; *Montalvo v Air Dock Sys.*, 37 AD3d 567 [2007]; *Liebert v TIAA-CREF*, 34 AD3d 756 [2006]). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (*Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 622 [2009] [internal quotation marks omitted]; *see Whitney v Whitney*, 57 NY2d at 732; *Kent Dev. Co. v Liccione*, 37 NY2d at 901; *Matter of Willnus*, 101 AD3d 1036 [2012]; *DAIJ, Inc. v Roth*, 85 AD3d 959 [2011]). Here, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant Vincent G. Reid which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (4), since it is undisputed that there was a pending foreclosure action on the same mortgage commenced by the plaintiff's predecessor-in-interest.

Furthermore, where, as here, the instant action was commenced without leave of the court in which the prior action was brought, dismissal was warranted under RPAPL 1301 (3) (*see Shaw Funding, L.P. v Grauer*, 98 AD3d 660 [2012]; *Aurora Loan Servs., LLC v Spearman*, 68 AD3d 796 [2009]; *cf. Old Republic Natl. Tit. Ins. Co. v Conlin*, 129 AD3d 804 [2015]; *Hometown Bank of Hudson Val. v Belardinelli*, 127 AD3d 700 [2015]).

The plaintiff's contention that this action should be consolidated with the prior action is made for the first time on appeal and is thus not properly before this Court (*see Fischer v RWSP Realty, LLC*, 53 AD3d 594, 595 [2008]; *Gayz v Kirby*, 41 AD3d 782, 783 [2007]). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Kings County, entered August 29, 2013, inter alia, on the ground that the appellant is not aggrieved. By decision and order on motion of this Court dated September 30, 2014, that branch of the motion which is to dismiss the appeal on the ground that the appellant is not aggrieved was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal on the ground that the appellant is not aggrieved is denied. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.