In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated May 15, 2015, which denied his motion for leave to enter a default judgment against the defendant and granted the defendant’s cross motion pursuant to CPLR 3211 (a) to dismiss the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 On October 14, 2014, the plaintiff, proceeding pro se, commenced an action against the defendant (hereinafter the first action), inter alia, to recover damages for legal malpractice. The plaintiff alleged that the defendant’s failure to timely serve a notice of claim in an underlying personal injury action constituted legal malpractice. The plaintiff sought damages in the amount of $12,000,000.
 

 On January 29, 2015, the plaintiff, proceeding pro se, commenced this action against the defendant based on the same facts and seeking relief identical to the relief sought in the first action. Shortly thereafter, and before serving the summons and complaint on the defendant, the plaintiff moved for leave to enter a default judgment against the defendant. The defendant cross-moved pursuant to CPLR 3211 (a) (1), (4), (5), and (7) to dismiss the complaint. The Supreme Court denied the plaintiff’s motion and granted the defendant’s cross motion. The plaintiff appeals.
 

 Contrary to the plaintiff’s contention, the Supreme Court properly denied his motion for leave to enter a default judgment against the defendant. A plaintiff moving for the entry of a default judgment must “file proof of service of the summons and the complaint, . . . and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party .... Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due” (CPLR 3215 [f]). Since the plaintiff failed to submit proof of service of process on the defendant and the defendant’s subsequent failure to appear, the plaintiff failed to satisfy the requirements for demonstrating his entitlement to enter a default judgment against the defendant.
 

 The Supreme Court also properly granted the defendant’s cross motion pursuant to CPLR 3211 (a) to dismiss the complaint. “Where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending” (Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG, 110 AD3d 783, 784 [2013]; see Whitney v Whitney, 57 NY2d 731, 732 [1982]; DAIJ, Inc. v Roth, 85 AD3d 959, 959 [2011]). “The critical element is that both suits arise out of the same subject matter or series of alleged wrongs” (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622 [2009] [internal quotation marks omitted]). This action and the first action, which was pending at the time the order appealed from was issued, arose from the same subject matter and alleged wrongs, and involved the same parties. Accordingly, the court providently exercised its discretion in granting the defendant’s cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) (see Matter of Willnus, 101 AD3d 1036, 1037 [2012]; DAIJ, Inc. v Roth, 85 AD3d at 960; Cherico, Cherico & Assoc. v Midollo, 67 AD3d at 623).
 

 The plaintiffs remaining contentions need not be reached in light of our determination.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.