Matter of Pryce v Pryce (2018 NY Slip Op 02791)





Matter of Pryce v Pryce


2018 NY Slip Op 02791


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-10662
2016-04908
 (Index No. 25122/13)

[*1]In the Matter of Alexandra R. Pryce, appellant,
v
John A. Pryce, respondent.


Theresa A. Mari, P.C., Hauppauge, NY, for appellant.
Mintz & Gold LLP, New York, NY (Howard Miller and Lisabeth Harrison of counsel), for respondent.



DECISION & ORDER
In a proceeding to enforce a foreign divorce decree, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated September 2, 2015, and (2) an order of the same court (Cheryl A. Joseph, J.) dated March 16, 2016. The order dated September 2, 2015, in effect, granted that branch of the respondent's cross motion which was pursuant to CPLR 3211(a)(4) to dismiss the petition. The order dated March 16, 2016, denied the petitioner's motion for leave to renew and reargue her petition and her opposition to the respondent's cross motion.
ORDERED that the order dated September 2, 2015, is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated March 16, 2016, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 16, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The parties were married and domiciled in Virginia until their divorce in Virginia in 2009. Their settlement agreement, incorporated by reference into the Virginia divorce decree, included terms related to the distribution of marital assets and attorneys' fees, among other things. In 2013, the respondent moved to reinstate the parties' divorce proceeding in the Spotsylvania County Circuit Court (hereinafter the Virginia court) to enforce certain provisions of the settlement agreement. The petitioner subsequently sought affirmative relief in that proceeding.
In 2013, the petitioner commenced the instant proceeding in the Supreme Court, Suffolk County, to enforce the divorce decree. Litigation proceeded in Virginia and New York on parallel tracks, with the Virginia court gradually resolving many of the issues the petitioner raised before the Supreme Court. The respondent cross-moved in the Supreme Court, inter alia, pursuant to CPLR 3211(a)(4) to dismiss the petition. By order dated September 2, 2015, the Supreme Court, in effect, granted that branch of the cross motion. The petitioner appeals from that order and an order dated March 16, 2016, denying her subsequent motion, inter alia, for leave to renew.
"Where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211(a)(4) on the ground that there is another action pending" (Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG, 110 AD3d 783, 784; see Whitney v Whitney, 57 NY2d 731, 732). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs'" (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622, quoting White Light Prods. v On the Scene Prods., 231 AD2d 90, 94). Here, the respondent demonstrated that the Virginia action, which was pending at the time the petitioner commenced this proceeding and remained pending at the time the September 2, 2015, order appealed from was issued (see Va. Code Ann. § 20-121.1), arose from the same subject matter and alleged wrongs, and involved the same parties. Accordingly, the Supreme Court providently exercised its discretion by, in effect, granting that branch of the respondent's cross motion which was pursuant to CPLR 3211(a)(4) to dismiss the petition (see Aurora Loan Servs., LLC v Reid, 132 AD3d 788, 788-789; Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG, 110 AD3d at 784-785; DAIJ, Inc. v Roth, 85 AD3d 959, 959-960).
"A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]; see Hodzic v M. Cary, Inc., 151 AD3d 1034, 1034-1035). Here, the petitioner failed to submit new facts not previously offered that would change the Supreme Court's prior determination (see Hodzic v M. Cary, Inc., 151 AD3d at 1034-1035; Williams v Nassau County Med. Ctr., 37 AD3d 594, 594). Accordingly, the court providently exercised its discretion in denying that branch of the petitioner's motion which was for leave to renew certain portions of the petition and her opposition to the respondent's cross motion.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court