Cooper v Thao (2018 NY Slip Op 04697)





Cooper v Thao


2018 NY Slip Op 04697


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-11469
 (Index No. 5896/15)

[*1]Pansy N. Cooper, appellant, 
v
Bao Thao, et al., respondents.


Pansy Cooper, named herein as Pansy N. Cooper, Cambria Heights, NY, appellant pro se.
Reed Smith LLP, New York, NY (Joseph B. Teig and Andrew B. Messite of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to cancel an assignment of mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated September 21, 2015. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, Bao Thao and HSBC Bank USA, National Association (hereinafter HSBC), seeking cancellation of an assignment of mortgage and related declaratory relief. In lieu of answering the complaint, the defendants moved to dismiss the complaint pursuant to CPLR 3211(a) for lack of personal jurisdiction with regard to Thao, on the ground that dismissal was warranted based upon another action pending between the same parties, and under the doctrine of res judicata. In the order appealed from, the Supreme Court granted the motion. The plaintiff appeals.
"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (DAIJ, Inc. v Roth, 85 AD3d 959, 959; see CPLR 3211[a][4]; Whitney v Whitney, 57 NY2d 731, 732; Mazzei v Kyriacou, 139 AD3d 823, 824). "The critical element is that both suits arise out of the [*2]same subject matter or series of alleged wrongs" (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622). Here, at the time the plaintiff commenced this action, there was a mortgage foreclosure action pending between the plaintiff and HSBC in the Supreme Court, Queens County. The relief sought in that action implicated the same issues raised by the plaintiff in this action. Thus, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against HSBC.
Furthermore, insofar as the plaintiff acknowledges that Thao was never served with process, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Thao for lack of personal jurisdiction was properly granted (see CPLR 306-b).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court