State Farm Fire & Cas. Co. v Jewsbury (2019 NY Slip Op 01247)





State Farm Fire & Cas. Co. v Jewsbury


2019 NY Slip Op 01247


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-08404
 (Index No. 513393/16)

[*1]State Farm Fire and Casualty Company, appellant,
v
Jason Jewsbury, et al., defendants, Jules Francois Parisien, etc., respondent.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan Shapiro of counsel), for appellant.
The Rybak Firm, PLLC, Brooklyn, NY (Damin J. Toell of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to pay certain insurance benefits under an automobile liability policy because of alleged material misrepresentations in the policy application, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated March 16, 2017. The order granted that branch of the motion of the defendant Jules Francois Parisien which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant Jules Francois Parisien which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him is denied.
On February 5, 2016, while operating a vehicle insured by the plaintiff, State Farm Fire and Casualty Company (hereinafter State Farm), the defendant Jason Jewsbury allegedly was injured in a collision. He was treated for his injuries by the defendant Jules Francois Parisien, a physician, and by other providers. After State Farm received and failed to pay first-party beneficiary claims submitted by Parisien, Parisien commenced two actions in the Civil Court of the City of New York for payment (see Insurance Law § 5106). While those actions were pending, State Farm commenced this action in the Supreme Court, Kings County. State Farm seeks a judgment declaring that it is not required to pay any claims related to the accident on the policy it issued to Jewsbury, on the ground that Jewsbury made material misrepresentations in his policy application. Specifically, State Farm alleges that, in order to obtain a lower policy premium, Jewsbury stated on the policy application that the car would be garaged in Albany when, in fact, Jewsbury garaged the vehicle in Kings County. In addition to Jewsbury and Parisien, State Farm named as defendants various other entities that had provided Jewsbury with medical or no-fault treatment related to the accident.
A court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211(a)(4) based upon another pending action where there is a substantial identity [*2]of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same (see Cooper v Bao Thao, 162 AD3d 980, 981; DAIJ, Inc. v Roth, 85 AD3d 959, 959). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622 [internal quotation marks omitted]).
The Supreme Court improvidently exercised its discretion in granting that branch of Parisien's motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him. A declaratory judgment resolving the issue of State Farm's obligation to pay any claims on the policy with respect to the accident, and naming all providers who may seek reimbursement under the policy, would further the interest of judicial economy. Indeed, the Civil Court may not issue the declaratory relief State Farm seeks in this action (see Fresh Acupuncture, P.C. v Interboro Ins. Co., 56 Misc 3d 98, 100 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; cf. CPLR 3001; Insurance Law § 3420[a][6]; Mazzei v Kyriacou, 139 AD3d 823, 824), and the other providers who may seek no-fault reimbursements relating to that collision are not parties to the two actions pending in the Civil Court.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court