Board of Mgrs. of the 1835 E. 14th St. Condominium v Singer (2020 NY Slip Op 05026)





Board of Mgrs. of the 1835 E. 14th St. Condominium v Singer


2020 NY Slip Op 05026


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-07952
 (Index No. 518618/16)

[*1]Board of Managers of the 1835 East 14th Street Condominium, respondent, 
v
Rochel Leah Singer, et al., appellants, et al., defendants.


Hahn Eisenberger PLLC, Brooklyn, NY (Elliot Hahn of counsel), for appellant Rochel Leah Singer.
Domenick Napoletano, Brooklyn, NY, for appellants Brian Scalise and Susanna Scalise.



DECISION & ORDER
In an action to foreclose liens upon condominium units for nonpayment of common charges, the defendants Brian Scalise and Susanna Scalise appeal, and the defendant Rochel Leah Singer separately appeals, from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated June 1, 2018. The order, insofar as appealed from by the defendants Brian Scalise and Susanna Scalise, upon a decision of the same court dated May 1, 2018, granted the plaintiff's motion to appoint a temporary receiver. The order, insofar as appealed from by the defendant Rochel Leah Singer, upon the decision, granted the plaintiff's motion to appoint a temporary receiver, and denied those branches of that defendant's cross motion which were pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her or, in the alternative, to stay the instant action pending the determination of a related action entitled Singer v Board of Managers of the 1832 East 14th Street Condominium, pending in the Supreme Court, Kings County, under Index No. 504797/15.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the cross motion of the defendant Rochel Leah Singer which was to stay the instant action pending the determination of a related action entitled Singer v Board of Managers of the 1832 East 14th Street Condominium, pending in the Supreme Court, Kings County, under Index No. 504797/15, and substituting therefor a provision granting that branch of the cross motion to the extent of staying the proceedings in this action without prior leave of court, but not the proceedings, if any, with respect to the receivership, pending the determination of the related action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2014, the Board of Managers of the 1835 East 14th Street Condominium (hereinafter the Board) increased the common charges to be paid by the defendant Rochel Leah Singer and by the defendants Brian Scalise and Susanna Scalise (hereinafter together the Scalises) from $280.77 per month to $2,030.40 per month. Payment records reflect that both Singer and the Scalises have failed to pay the increased charges, but have continued to pay the monthly charges in the prior amount of $280.77, with minor interruptions in payment.
In April 2015, Singer commenced an action in the Supreme Court, Kings County, against the Board, as well as against Yelena Razdolskaya and Gregory Rozin, two members of the Board (hereinafter the Singer action). Singer alleged, among other things, that Razdolskaya and Rozin had engaged in "wrongful self-dealing," and had improperly raised the common charges on all unit owners in order to fund certain repairs that were Rozin's and Razdolskaya's own financial responsibility, and had done so in order to create a fund from which Rozin could recover in his pending small claims action against the condominium. Singer's complaint sought declaratory relief, injunctive relief, compensatory and punitive damages, and counsel fees, and asserted causes of action for: (1) a judgment declaring that (a) the purported increase in the common charges that went into effect in December 2014 is null and void, and (b) the lien filed by the Board against Singer's unit is invalid and must be removed; (2) slander of title; (3) tortious interference with contract; (4) breach of fiduciary duties; (5) breach of contract; (6) an accounting; (7) an injunction, enjoining the defendants from foreclosing the lien or otherwise taking any other enforcement action with respect thereto; and (8) negligence.
The Board answered Singer's complaint, asserting various affirmative defenses, as well as two counterclaims: (1) for a money judgment for unpaid common charges plus fees and interest, and (2) for attorney's fees. The record indicates that the Scalises were granted leave to file an intervenor complaint in the Singer action, and did so.
Singer moved for a preliminary injunction to enjoin enforcement of the liens, the Scalises joined the motion, and in an order dated February 4, 2016, the Supreme Court denied the motion on the ground that it was "determined to be moot at this time as the Defendant Board of Managers has represented and withdrawn any efforts to foreclose on the existing liens and liens will be withdrawn/expunged of record." Thereafter, Singer filed another motion for a preliminary injunction, seeking to enjoin enforcement of the special assessment and common charges implemented by the Board on January 7, 2016.
In an order dated June 30, 2016, the Supreme Court denied Singer's second motion for a preliminary injunction. The motion court determined, inter alia, that Singer had "not met her burden of offering prima facie evidence that the actions of the defendants violate the fiduciary duty owned [sic] by the defendants as a Condominium Board of Managers," and that there was "no admissible evidence offered to suggest that the defendants have engaged in illegal or fraudulent conduct or engaged in discriminatory practices of self-dealing." Also on June 30, 2016, the Board re-filed liens on Singer's and the Scalises' respective units.
In October 2016, the Board commenced the instant action to foreclose the liens on Singer's and the Scalises' units, and moved for an order appointing a temporary receiver to collect a "reasonable rent" from Singer and from the Scalises on their respective units for the pendency of the instant foreclosure action until sale. Singer opposed the Board's motion to appoint a receiver, and cross-moved, inter alia, pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against her or, in the alternative, staying the instant action. The Scalises also opposed the Board's motion to appoint a receiver.
In an order dated June 1, 2018, the Supreme Court denied Singer's cross motion, granted the Board's motion to appoint a temporary receiver, and appointed a receiver to determine and to collect reasonable rent on the defendants' properties. Singer and the Scalises separately appeal. We affirm the granting of the Board's motion to appoint a temporary receiver but modify so as to impose a stay of further proceedings in this action without prior leave of court pending the determination of the Singer action.
Real Property Law § 339-aa, part of New York's Condominium Act, provides that, in an action to foreclose a lien for unpaid common charges, "the unit owner shall be required to pay a reasonable rental for the unit for any period prior to sale pursuant to judgment of foreclosure and sale, if so provided in the by-laws, and the plaintiff in such foreclosure shall be entitled to the appointment of a receiver to collect the same." Here, the Board's by-laws provide, in effect, that in any action to foreclose a lien for unpaid common charges, the unit owner shall be required to pay a [*2]reasonable rental for the use of the unit and that the Board shall be entitled to the appointment of a receiver to collect same. Thus, the challenges of Singer and the Scalises to the appointment of a receiver are unavailing (see Heywood Condominium v Wozencraft, 148 AD3d 38, 42, 46-47). Singer and the Scalises rely upon cases decided pursuant to CPLR 6401, which applies to the appointment of receivers generally, while the Board's application for a receiver was made pursuant to the express entitlement conveyed by Real Property Law § 339-aa and the Board's by-laws for the appointment of a receiver in a lien foreclosure action to collect the reasonable rent (see Heywood Condominium v Wozencraft, 148 AD3d at 47). Furthermore, the Board submitted evidence that, as of October 30, 2016, Singer was in arrears in the amount of $40,220.78 and the Scalises were in arrears in the amount of $44,750.50. In opposition, Singer and the Scalises submitted affirmations from their attorneys which did not dispute that the increased common charges had not been paid.
Pursuant to CPLR 3211(a)(4), a party may move to dismiss a cause of action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." "'It is not necessary that the precise legal theories presented in the first action also be presented in the second action as long as the relief . . . is the same or substantially the same'" (Dec v BFM Realty, LLC, 153 AD3d 497, 497, quoting Swartz v Swartz, 145 AD3d 818, 822). "'The critical element is that both suits arise out of the same subject matter or series of alleged wrongs'" (DAIJ, Inc. v Roth, 85 AD3d 959, 960, quoting Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622; see JPMorgan Chase Bank, N.A. v Luxama, 172 AD3d 1341, 1342).
We disagree with the Supreme Court's exercise of its discretion in denying that branch of Singer's cross motion which was for relief pursuant to CPLR 3211(a)(4). The Singer action and the instant action arise out of the same events, and involve overlapping questions of law, namely, the authority of the Board to charge Singer and the Scalises the increased common charges and assessments. The business judgment rule does not shield a condominium board's acts of "bad faith and self-dealing" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 542; see Matter of Vacca v Board of Mgrs. of Primrose Lane Condominium, 251 AD2d 674, 675). As Singer contends, the resolution of Singer's causes of action against the Board, which include, among other things, a request for a judgment declaring that the Board's common charge increases were not valid, may moot the instant action to foreclose upon the common charge liens (cf. Board of Mgrs. of 229 Condominium v J.P.S. Realty Co., 308 AD2d 314, 316-317; Matter of Vacca v Board of Mgrs. of Primrose Lane Condominium, 251 AD2d at 675). Further, absent relief under CPLR 3211(a)(4), Singer would be obligated to file counterclaims in this action that would duplicate the claims already asserted in the Singer action, leading to duplicative litigation and the prospect of inconsistent results.
Since Real Property Law § 339-aa permits the simultaneous maintenance of separate actions for a money judgment against a unit owner for unpaid common charges and to foreclose a lien for unpaid common charges, it would not be appropriate to dismiss the instant lien foreclosure action due to the pendency of the counterclaim by the Board in the Singer action for a money judgment. Moreover, dismissal of the instant action would render ineffectual the appointment of the receiver to which the Board was entitled by law. However, the interests of judicial economy and the desirability of avoiding inconsistent results may be furthered by staying further proceedings in this action, with the exception of any proceedings with respect to the receivership, without prior leave of court, pending the determination of the Singer action (see CPLR 3211[a][4]; see also Lawler v TropWorld Casino & Entertainment Resort, 238 AD2d 383, 383-384).
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court