## Woodcock Capital LLC v Schildr Inc.

2024 NY Slip Op 33809(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 650636/2024

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------------X

WOODCOCK CAPITAL LLC, individually and derivatively
on behalf of PERGOLA ROOF LLC, and PERGOLA ROOF
USA LLC,

Plaintiff,

- v -

SCHILDR INC. and KHAYYAM AHMADOV,

Defendants,

and

PERGOLA ROOF LLC,

Nominal Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650636/2024 |
| MOTION DATE | 05/30/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (MS001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18
were read on this motion to/for _____DISMISSAL_____.

In this action concerning an alleged exploitation and abuse of a contractual relationship between defendant Schildr Inc. (Schildr) and nominal defendant Pergola Roof, LLC (Roof) orchestrated by defendant Khayyam Ahmadov (Ahmadov, and together with Schildr and Roof, defendants), plaintiffs Woodcock Capital LLC (Woodcock) and Pergola Roof USA LLC (PRUSA) (collectively, plaintiffs) move pursuant to CPLR 3211(a)(1), (a)(4), and (a)(7) for an order dismissing defendants' counterclaims (NYSCEF # 3 – CC or Counterclaims). Defendants oppose the motion

At the outset, the court briefly summarizes the allegations set forth in the Counterclaims, which are assumed true solely for purposes of this motion. According to defendants, on or around February 1, 2018, Ahmadov and non-party Khalig Isgandarov (Isgandarov), the sole member of Woodcock who was acting on its behalf, formed Roof to distribute prefabricated commercial and residential awnings to customers (see CC ¶¶ 8, 13). Both Ahmadov and Woodcock owned a 50% interest in Roof through their respective capital contributions (see id. ¶¶ 14-17). Later, on or about January 17, 2020, Ahmadov and Isgandarov formed Schildr for the purpose of importing and supplying Roof with materials for various customer projects (id. ¶ 18). Ahmadov held a 60% interest in the company, while Woodcock held a 40% interest (id.).

650636/2024 WOODCOCK CAPITAL LLC ET AL vs. SCHILDR INC. ET AL
Motion No. 001

Page 1 of 4

Eventually, on June 11, 2023, Isgandarov sought to buy out Ahmadov's 50% interest in Roof for $2,400,000 (the Proposed Acquisition) (CC ¶ 19). The Proposed Acquisition was memorialized through a written purchase agreement that, among other things, obligated Isgandarov to pay Ahmadov $1,500,000 at the time of closing, with the remaining balance to be paid in equal monthly installments over a six-month period (*id.* ¶¶ 19-20). As part of the Proposed Acquisition, Isgandarov also agreed to transfer Woodcock's 40% interest in Schildr to Ahmadov (*id.* ¶ 21).

Although the parties had agreed to its terms, the Proposed Acquisition ultimately never closed (*see* CC ¶ 22). Instead, Isgandarov (1) terminated negotiations, (2) began to unilaterally treat Ahmadov as if he was no longer a member of Roof, (3) formed, without Ahmadov's knowledge or consent, PRUSA to take over Roof's assets, employees, and business operations, and (4) refused to include Ahmadov in business decisions relating to Roof and PRUSA (*see id.* ¶¶ 22-25). Defendants separately maintain that plaintiffs are indebted to Schildr in an amount of $155,899.80 but have, to date, failed and refused to pay back that amount (*see id.* ¶¶ 33-34).

On December 15, 2023, in the wake of the Proposed Acquisition's collapse and Isgandarov's alleged misconduct, defendants issued a letter demanding an accounting from plaintiffs (*see* CC ¶¶ 26-27). Plaintiffs responded by accusing Ahmadov of wrongdoing and, in turn, refusing to provide any accounting based on those accusations (*see id.* ¶¶ 29-32). Plaintiffs' contentions against Ahmadov seemingly resulted in them commencing this action on February 6, 2024 (*see* NYSCEF # 2 ¶¶ 162-385).

Defendants responded to plaintiffs' claims on April 1, 2024, by filing the Counterclaims (NYSCEF # 3). The Counterclaims rely on the above-referenced factual background to assert eight causes of action for (1) dissolution of Roof pursuant to New York Business Corporation Law (BCL) § 1104-A; (2) an accounting; (3) breach of BCL § 720; (4) breach of fiduciary duty; (5) conversion; (6) breach of the implied covenant of good faith and fair dealing; (7) breach of contract; and (8) unfair competition (CC ¶¶ 35-78). This is, however, not the first time defendants have asserted these specific claims against plaintiffs. To the contrary, on January 30, 2024—approximately one week prior to plaintiffs commencing this action—defendants filed a lawsuit before the New York State Supreme Court, New York County, captioned *Khayyam Ahmadov et al. v Khalig Isgandarov et al.*, Docket No. 650495/2024 (*see* NYSCEF # 6 – the Prior Action).

Given this fact, plaintiffs moved to dismiss pursuant to, *inter alia*, CPLR 3211(a)(4) (NYSCEF # 4). In support of their motion, plaintiffs argue that dismissal is warranted because the Prior Action was filed before the Counterclaims, the partes are virtually identical between the Prior Action and the Counterclaims, the causes of action asserted in these two actions are identical, and their allegations

and claims arise from the same facts and circumstances (NYSCEF # 12 at 6; NYSCEF # 18 at 3). As explained, the court agrees.

CPLR 3211(a)(4) provides that a party may move to dismiss an action if "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." When considering such a motion, courts assess whether the two actions have a "'sufficient identity' of parties" (*Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [1st Dept 2013]). Courts also look at whether the two actions arise "out of the same subject matter or series of alleged wrongs" and seek similar relief (*see Shah v RBC Capital Mkts. LLC*, 115 AD3d 444, 444-445 [1st Dept 2014], citing *Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Stevens v Law Off. of Blank & Star, PLLC*, 155 AD3d 917, 918 [2d Dept 2017] ["Where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211(a)(4) on the ground that there is another action pending"]).

Here, the Counterclaims and the Prior Action assert nearly identical factual allegations against nearly identical parties.[1] For example, both pleadings refer to the same failed acquisition of Roof's membership interests from Ahmadov, the same misconduct underlying the creation of PRUSA, the same demands for an accounting by Ahmadov, and the same purportedly false accusations levied against Ahmadov in response to his demand for an accounting (*compare* CC ¶¶ 19-34 *with* Prior Action ¶¶ 19-34). These nearly identical factual allegations are, in turn, used to support the nearly identical causes of action (*compare* CC ¶¶ 35-78 *with* Prior Action ¶¶ 35-78)). Given these circumstances, the Counterclaims and the Prior Action plainly "seek the same relief for the same alleged injuries," and thus dismissal of the Counterclaims under CPLR 3211(a)(4) is warranted (*see Brook v Zuckerman*, 155 AD3d 415, 415 [1st Dept 2017]; *see also Pen and Pencil Publs., Inc. v Lembeck*, 2014 WL 840406, *3 [Sup Ct, NY County, Feb. 28, 2014] [dismissing claim where plaintiff "seeks to litigate an identical claim that has already been raised in a related action before the Court . . . "]).

Defendants' lone response in opposition is that dismissal of the Counterclaims pursuant to CPLR 3211(a)(4) would be prejudicial because plaintiffs chose to initiate this action rather than file counterclaims in the Prior Action (*see* NYSCEF # 17 at 7). The court disagrees. Notably, "New York follows a 'permissive counterclaim rule,' which allows 'counterclaims to be raised through separate

---

[1] The only apparent difference between the Prior Action and the Counterclaims is that the Prior Action names Isgandarov as a defendant (*see* NYSCEF # 6 ¶ 6).[1] But this is of no consequence because "substantial, not complete, identity of parties is all that is required to invoke CPLR 3211(a)(4)" (*Syncora*, 110 AD3d at 96). At any rate, the "critical element [to support dismissal under CPLR 3211(a)(4)] is that both suits arise out of the same subject matter or series of alleged wrongs" (*Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 622 [2d Dept 2009] [internal quotations omitted]). That is exactly the situation here.

650636/2024 WOODCOCK CAPITAL LLC ET AL vs. SCHILDR INC. ET AL Page 3 of 4
Motion No. 001

[* 3]

litigation'" (*see 214 Lafayette House LLC v Akasa Holdings LLC*, 227 AD3d 75, 81 [1st Dept 2024]). As a result, plaintiffs are well within their right to assert their claims through this lawsuit rather than doing so through counterclaims in the Prior Action (*see e.g.*, *Greenbaum v Comgroup Holdings LLC*, 2013 WL 6714098, at *1 [Sup Ct, NY County, July 9, 2013] [holding that plaintiff "was not required to interpose her counterclaim for employment discrimination or any other cause of action as a counterclaim against defendant" because "[a]ll counterclaims are permissive in New York"]). Consequently, as defendants offer no other basis to conclude that plaintiffs' initiation of this action was improper, their claim of prejudice upon dismissal of the Counterclaims is without merit.

Accordingly, it is hereby

ORDERED that plaintiffs' motion to dismiss the Counterclaims pursuant to CPLR 3211(a)(4) is granted and the Counterclaims are dismissed; and it is further

ORDERED that the Clerk of the Court shall enter judgment accordingly; and it is further

ORDERED that that a preliminary conference shall be held via Microsoft Teams on December 18, 2024, at 10:30 AM or at such other time that the parties shall set with the court's law clerk. Prior to the conference, the parties shall first meet and confer to stipulate to a preliminary conference order, available at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part49-PC-Order-fillable.pdf, in lieu of a conference; and it is further

ORDERED that counsel for plaintiffs is directed to serve a copy of this order, together with notice of entry, upon defendants and the Clerk of the Court within 10 days of this order.

| 10/23/2024 | | | MARGARET A. CHAN, J.S.C. |
|---|---|---|---|
| DATE | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650636/2024 WOODCOCK CAPITAL LLC ET AL vs. SCHILDR INC. ET AL
Motion No. 001

Page 4 of 4

[* 4]

4 of 4