Rios v Samsoe (2025 NY Slip Op 51159(U))

[*1]

Rios v Samsoe

2025 NY Slip Op 51159(U)

Decided on July 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : GRETCHEN WALSH, J.P., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-340 S C

Phyllis Rios, Respondent,
against
William M. Samsoe, Appellant, John Doe and Jane Doe, Undertenants. 

John N. Fath, P.C. (John N. Fath of counsel), for appellant.
William M. Gearty, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Second District (Kenneth J. Lauri, J.), dated March 4, 2024. The order denied William M. Samsoe's motion for, in effect, summary judgment dismissing the petition in a licensee summary proceeding.

ORDERED that the order is reversed, without costs, and William M. Samsoe's motion for, in effect, summary judgment dismissing the petition is granted.
In this licensee proceeding, William M. Samsoe interposed two affirmative defenses: (1) that he "occupies the premises subject to a [c]onstructive [t]rust and is neither a licensee nor a tenant of the premises," and (2) that the petition should be dismissed since there was another action pending between the same parties for the same relief in Supreme Court, Suffolk County (see CPLR 3211 [a] [4]; [e]). Thereafter, Samsoe moved for, in effect, summary judgment dismissing the petition on the latter ground. In support of his motion, he included the pleadings for the previously filed Supreme Court ejectment action. The complaint in the Supreme Court action alleged that Samsoe has no ownership rights to the premises, and, in his answer thereto, Samsoe interposed counterclaims for the imposition of a constructive trust on the premises and unjust enrichment. In an order dated March 4, 2024, the District Court (Kenneth J. Lauri, J.) denied Samsoe's motion.
"Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (DAIJ, Inc. v Roth, 85 AD3d 959, 959 [2011]; see Melis v Blake Stone, LLC, 227 AD3d 882, 884-885 [2024]). "It is not necessary that the precise legal theories presented in the first action also be presented in the second action as long as the relief is the same or substantially the same" (Board of Mgrs. of the 1835 E. 14th St. Condominium v Singer, 186 AD3d 1477, 1480 [2020] [internal quotation marks and ellipsis omitted]; see Jaber v Elayyan, [*2]168 AD3d 693, 694 [2019]). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (DAIJ, Inc. v Roth, 85 AD3d at 960 [internal quotation marks omitted]; see Matter of Willnus, 101 AD3d 1036, 1037 [2012]).
Here, the ejectment action and the instant summary proceeding involve the same parties and seek substantially the same relief (see Melis v Blake Stone, LLC, 227 AD3d at 884-885; DAIJ, Inc. v Roth, 85 AD3d at 959). Under the circumstances presented, we find that Samsoe's motion for, in effect, summary judgment dismissing the petition should have been granted (see CPLR 3211 [a] [4]).
Accordingly, the order is reversed and William M. Samsoe's motion for, in effect, summary judgment dismissing the petition is granted. 
WALSH, J.P. and GOLDBERG-VELAZQUEZ, J., concur.
CONWAY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2025