Shaw Funding, LP v Bennett (2025 NY Slip Op 05116)

Shaw Funding, LP v Bennett

2025 NY Slip Op 05116

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-03094
 (Index No. 705449/16)

[*1]Shaw Funding, LP, appellant, 
v
Archibald Bennett, respondent, et al., defendants.

Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Peter Sullivan of counsel), for appellant.
Yitzhak Law Group, Great Neck, NY (William H. Trizano of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered April 13, 2022. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Archibald Bennett which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Archibald Bennett (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Queens. Thereafter, the defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that there was another foreclosure action pending between the same parties. In an order entered April 13, 2022, the Supreme Court, among other things, granted that branch of the defendant's cross-motion. The plaintiff appeals.
"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (DAIJ, Inc. v Roth, 85 AD3d 959, 959; see Cooper v Thao, 162 AD3d 980, 981). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Reid, 132 AD3d 788, 789).
Here, the Supreme Court providently exercised its discretion in granting that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him. The defendant demonstrated that, at the time the plaintiff commenced this mortgage foreclosure action, there was another action pending to foreclose the same mortgage involving substantially identical parties (see HSBC Bank USA, N.A. v Pena, 187 AD3d 724, 725; Aurora Loan Servs., LLC v Reid, 132 AD3d at 789).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court