Park v Sekosan (2026 NY Slip Op 01854)

Park v Sekosan

2026 NY Slip Op 01854

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 811319/24|Appeal No. 6225|Case No. 2025-00223|

[*1]Brian E. Park, M.D. et al., Appellants,
vMarjana Sekosan, Respondent.

Law Offices of Michael J.S. Pontone P.C., New York (Nina C. Oksman of counsel), for appellants.
Levine & Blitt, PLLC, Rye Brook (Russell S. Moriarty of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about December 30, 2025, which granted defendant's motion pursuant to CPLR 3211(a)(4) to dismiss the complaint on the basis of another action pending between the same parties, unanimously affirmed, with costs.
The court properly exercised its discretion in dismissing the complaint on the ground that the parties and the factual allegations in the two previously filed actions are sufficiently similar to those in this action (see 417 N. Comanche St., LLC v EMRES II Tex., LLC, 243 AD3d 430, 432 [1st Dept 2025]). While the current claims are broader than the counterclaims asserted by plaintiffs in the prior actions, the claims all arise from defendant's alleged misfeasance as officer manager of plaintiff medical clinic and seek relief for many of the same acts pleaded in the prior actions (see id. at 433).
It is immaterial that plaintiff Chong is not a party to the two previously filed actions. Only substantial identity of parties is required, particularly when the parties in the current action are closely affiliated with the additional parties (see Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 96 [1st Dept 2013]). Notably, Chong is plaintiff Park's wife. In any event, Chong, whose only connection to the claims is that she worked at plaintiff clinic for a limited period, has not shown that she has standing to assert any of the current claims, because she is not an owner of the clinic and was not a direct victim of the alleged misconduct.
Finally, the fact that the current claims seek punitive damages, and the counterclaims in the prior filed actions do not, does not support reversal. All that is needed is that the relief sought across the actions is "the same or substantially the same" (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622 [2d Dept 2009] [internal quotation marks omitted]). That is the case here, because plaintiff's claims in this action and counterclaims in the prior filed actions all seek the same compensatory damages.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026